**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NELSON ALEXANDER MEDINA,

     Petitioner,

v.                                 CASE NO:  8:03-CV-2674-T-30TBM

JAMES McDONOUGH,[1]

     Respondent.

_____/

## ORDER

     Petitioner, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions entered in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 6) and Petitioner has filed a reply thereto (Dkt. 11).  The matter is now before the Court for consideration on the merits of the Petition. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition or assert that the claims are not exhausted in state court.

### Standard of Review

     Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district

---

[1]James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,  as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented  in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision.  *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255  (11th Cir. 2002).

The failure of a federal habeas petitioner to adhere to state procedural rules will bar federal review of those claims in a subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir. 1998). The federal habeas court must defer to the state court's interpretation of its procedural rules, and must enforce those rules as well as enforcing the procedural rulings of the state courts. *See Lindsey v. Smith*, 820 F.2d 1137 (11th Cir. 1989).

This Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Where, as here, a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of the petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

Petitioner raises ten claims, each of which is premised on the Sixth Amendment right to effective assistance of counsel. Having been raised by Petitioner in his Rule 3.850 proceedings the claims are properly exhausted.

To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. *Parker v. Head*, 244 F.3d 831, 835-37 (11th Cir. 2001). State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the petitioner demonstrates by clear and convincing evidence that they are incorrect, *see Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). *See also* § 2254(e)(1).

The trial court set forth the correct standard of review for an ineffective assistance of counsel claim (Dkt. 6, Ex. 21, Vol. I at R. 78; Vol. II at R. 334-35). Thus, to be entitled to relief under § 2254, Petitioner must establish that the trial courts's application of the *Strickland* standard in reaching the determination that the claims raised in his Rule 3.850 motion lack merit was objectively unreasonable or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d).

**Ground One**

In Ground One, Petitioner contends that trial counsel rendered ineffective assistance in failing to investigate an "alibi or affirmative defense." The trial court found as follows in rejecting this claim:

In ground 1, Defendant alleges that trial counsel was ineffective when counsel failed to investigate an alibi defense on behalf of Defendant. Specifically, Defendant alleges that his family and friends would testify to Defendant's whereabouts at the alleged time of the commission of the crimes. In cases involving claims of ineffective assistance of counsel for failure to investigate and interview witnesses, facially sufficient postconviction motions must include: identity of prospective witnesses; substance of witnesses testimony; and explanation as to how omission of such evidence prejudiced [the] outcome of [the] trial. *Highsmith v. State*, 617 So. 2d 825, 826 (Fla. 1st DCA 1993). However, Defendant fails to specifically identify the witnesses that would testify on his behalf and how the omission of the testimony prejudiced the outcome of the trial. Additionally, to maintain a claim of ineffective assistance of counsel due to counsel's failure to investigate a defense, the defendant must prove that he, in fact, had a viable defense. *See Frazier v. State*, 447 So. 2d 959 (Fla. 1st DCA 1984); *Diaz v. State*, 534 So. 2d 817 (Fla. 3d DCA 1988). Defendant fails to show that counsel's failure to pursue the defense was substantial enough to demonstrate prejudice to the extent that but for that omission, the outcome of the proceedings would have been different. Accordingly, no relief is warranted on this ground.

Dkt. 6, Ex. 21, Vol. I at 78-79.

In his § 2254 petition, Petitioner likewise offers no specifics as to the identity of the of the purported alibi witness(es) or the substance of their testimony that would support a credible basis for claiming an alibi defense. Trial counsel has no absolute duty to investigate particular facts or certain lines of defense. *Chandler v. United States*, 218 F.3d at 1314.

Under Florida law, trial counsel's failure to call a witness constitutes ineffective assistance of counsel only if the witness may have been able to cast doubt on the defendant's guilt. *See Pace v. State,* 750 So.2d 57 (Fla. 2d DCA 1999); *Marrow v. State*, 715 So. 2d 1075, 1076 (Fla. 1st DCA 1998). In order to satisfy the prejudice requirement, a facially sufficient habeas petition alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses would in fact have been available to testify at trial had trial counsel called them. *Nelson v. State*, 875 So.2d 579, 584

(Fla. 2004). Trial counsel is not ineffective for failing to locate an unidentified witness. *Jones v. State,* 528 So.2d 1171, 1174 (Fla. 1988).

In Florida courts, "failure of counsel to call witnesses on behalf of the defense is a matter of personal judgment exercised by defense counsel and is not a ground of collateral attack." *Fuller v. Wainwright*, 238 So.2d 65, 66 (Fla. 1970). Likewise, in federal court, "complaints of uncalled witnesses are not favored[ ] because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).[2]  As during the Rule 3.850 proceedings, Petitioner does not present any actual testimony by deposition, affidavit, or otherwise in support of this claim.

Interestingly, during the Rule 3.850 hearing, Petitioner testified that he cannot recall where he was on the night the burglary occurred. Petitioner's mother Frances Medina and his brother, Mark Medina, testified that they would have been available to testify that Petitioner had a history of drug and alcohol problems. Both of them, however, when queried, stated that they were unaware of any family member who could attest to Petitioner's whereabouts on the evening in question, and Petitioner's brother testified that the only "friend" he knew of who could verify where Petitioner was at the time was his co-defendant.

The Court concludes that Petitioner has failed to allege sufficient facts which, if true, would sustain his position that he was not represented by competent counsel.

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**Ground Two**

In Ground Two, Petitioner alleges that trial counsel was ineffective in failing to file a motion under Fla. R. Criminal. P. 3.140(n)[3] requiring the State to specify, as definitely as possible, the dates on which the alleged crimes occurred or move for dismissal.

In rejecting this claim, the trial court found that Petitioner failed to satisfy the prejudice prong of the *Strickland* test, stating as follows:

> In ground 2, Defendant alleges that trial counsel was ineffective when counsel failed to file a motion for statement of particulars or alternative motion to dismiss. Specifically, Defendant alleges that the Information sets forth a range of dates that the crimes occurred. However, the record reflects that trial counsel objected to the Information being amended by the State. (*See* Hearing Transcript, January 26,1998, attached). Trial counsel also filed a motion for new trial specifically addressing the issue of the amendment of the Information. (*See* Hearing Transcript, February 16, 1998, attached). Each of trial counsel's attempts to prevent the Information from being amended was denied by the Court. (*See* Hearing Transcript, January 26,1998; Hearing Transcript, February 16, 1998, attached). Additionally, Defendant raised the issue of the trial court allowing amendment of the Information on direct appeal. (*See* Brief on Behalf of Appellant, attached). The Second District Court of Appeal found Defendant's argument to be without merit. (*See* Mandate and Opinion, attached). Therefore, Defendant has failed to meet the second prong of *Strickland* in that he has failed to prove how counsel's failure to file a motion for statement of particulars or alternative motion to dismiss resulted in prejudice. If a defendant's claim of ineffective assistance of counsel fails to satisfy the prejudice component, it is unnecessary to rule on the performance component. *Johnson v. State*, 593 So. 2d 206, 209 (Fla. 1992), *cert. denied*, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). As such, no relief is warranted upon this ground.

Dkt. 6, Ex. 21, Vol. I at 79-80.

---

[3]Florida Rule of Criminal Procedure 3.140(n) provides, in pertinent part, that "[t]he court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible, the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney. . . . Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant."

Respondent asserts that under Florida law, the State would not be obliged to narrow the period to a specific date where it was not known. *See Dell'Orfano v. State*, 616 So.2d 33, 35 (Fla. 1993) (noting that "[c]ommon sense dictates that admitted wrongdoing should not be shielded from prosecution merely because the State is unable to provide greater specificity in an information or indictment," the court held that a trial court, upon proper motion, was required to dismiss an information involving a *lengthy* period of time [30 months] if the State could not show clearly and convincingly that it had exhausted all reasonable means of narrowing the time frame further).

Initially, the State alleged that the charged offenses occurred on May 31, 1997. The Information was amended prior to jury selection to assert that the charged offenses occurred between May 31 and June 4, 1997, inclusive. The State advised the trial court that this was a "weekend" offense and "there was some confusion about the police report" (Dkt. 6, Ex. 21, Vol. II at Tr. 281). A review of the police report reveals that the date of the offense is listed thereon as May 31, 1997, but the report was not filed until June 4, 1997.

Under the rules governing Florida's criminal proceedings, unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the trial court may permit an information to be amended at any time prior to trial because of formal defects. Fla. R. Criminal. P. 3.140(j). Under the less stringent Federal criminal rules, the trial court may permit an information to be amended at any time before the verdict is rendered. Fed. R. Criminal. P. 7.

Ordinarily not a substantive part of a charging document, the lack of a precise date is not a fatal defect if it is not a substantive element of the crime. *United States v. Antonelli,* 439 F.2d 1068, 1070 (1st Cir. 1971). Where, as here, time is not an essential element, it

suffices to state the time in approximate terms, as long as such a statement is reasonable. *United States v. Bagaric,* 706 F.2d 42, 61 (2d Cir.1983), *cert. denied,* 464 U.S. 840 (1983); *see also Tingley v. State,* 549 So.2d 649, 651 (Fla. 1989) (finding that there may be variance between the dates proved at trial and those alleged in the indictment or information "as long as the crime was committed before the return date of the indictment, the crime was committed within the applicable statute of limitations, and the defendant has been neither surprised nor hampered in preparing his defense").

According to Petitioner, trial counsel was aware that the information was going to be amended to reflect that the offense occurred between May 31 and June 4, 1997, "over two months prior to trial" (Dkt. 1 at 5). When the prosecutor moved to amend the information, trial counsel objected.  The trial court found that the proposed amendment did not change the facts in the case in any way, and asked trial counsel to show how the defense was prejudiced.  Trial counsel responded that if the date of the offense was going to change, he needed additional time to consider an alibi defense for Petitioner.  Upon learning that trial counsel did not file a notice of alibi, the trial court overruled trial counsel's objection, finding that Petitioner was not prejudiced by the amendment.

Each of the witnesses testified that the burglary occurred on May 31, 1997 – the date originally charged in the Information.  As stated above, five years after the trial Petitioner testified that he remained unable to remember his whereabouts when the offense of conviction occurred or who he was with at the time.  Petitioner fails to identify with specificity any affirmative defense that trial counsel could have asserted based on his profession of innocence.

This Court agrees with trial court's finding that Petitioner fails to show there was a reasonable probability of a different outcome at trial but for the claimed omission of trial counsel.

**Ground Three**

In Ground Three, Petitioner faults trial counsel for failing to file a legally sufficient motion for new trial. Petitioner further contends that trial counsel did not "preserve a contention that inconsistent statements of state witnesses could not be used as substantive evidence." In disposing of this ground under the performance prong of the *Strickland* test, the trial court found as follows:

> In ground 3, Defendant alleges that trial counsel was ineffective when counsel failed to file a legally sufficient motion for new trial. Specifically, Defendant alleges that trial counsel filed a motion containing "boilerplate" language. The "boilerplate" motion for new trial did not preserve the fact that the State's key witness's prior inconsistent statements could not be used as substantive evidence against the Defendant. However, Defendant's assertions that the only testimony offered against the Defendant was prior inconsistent statements, is incorrect. During Cameron Michael [Crandle]'s direct testimony, he identified the Defendant as being one of the individuals who was carrying the stove. (See Trial Transcript, January 26,1998, pages 18 - 28, attached). Additionally, Tonya Cra[n]dle also identified the Defendant as being one of the individuals carrying the stove. (*See* Trial Transcript, January 26,1998, pages 39-44, attached). This direct testimony is appropriate for a jury to consider in their deliberations. Defendant's assertions that prior inconsistent statements cannot be used for substantive evidence only applies to prior inconsistent out-of-court statements. Therefore, Defendant has failed to meet the second prong of *Strickland* in that he has failed to prove counsel's deficient conduct regarding the testimony of Mr. [Cameron] Michael [Crandle] and Ms. Cra[n]dle. If a defendant's claim of ineffective assistance of counsel fails to satisfy the performance component, it is unnecessary to rule on the prejudice component. *Johnson v. State*, 593 So. 2d 206,209 (Fla. 1992), *cert. denied*, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). As such, no relief is warranted upon this ground.

Dkt. 6, Ex. 21, Vol. I at 80-81.  The record supports the trial court's rejection of this claim.

Trial counsel filed a motion for new trial arguing that the defense was prejudiced by the amendment of the Information shortly before commencement of the trial.  The Court has reviewed trial counsel's motion and finds it to be concise and succinct.

While Petitioner fails to provide any details in his § 2254 petition  regarding the "prior inconsistent statements" about which he complains, a review of his Rule 3.850 motion reveals that the crux of his complaint is inconsistencies between the testimony of 10-year-old Cameron Crandle and statements Cameron gave to the investigating officer following the burglary eight months earlier and inconsistencies between Mrs. Crandle's testimony on direct and cross-examination.

The transcript reveals that trial counsel attempted, albeit without success, to impeach Cameron with his prior inconsistent statements on cross-examination, and when Cameron denied making the statements, trial counsel adduced testimony from the investigating officer regarding Cameron's statements during his interview.  Trial counsel also cross-examined Ms. Cameron regarding her observations the evening the burglary occurred, and later called an expert witness to establish the distance between the Cameron house and the burglarized apartment in support of his misidentification defense.  Petitioner contends that trial counsel should have argued that inconsistencies between Cameron's testimony and his pretrial statement to the detective as well as discrepancies between his testimony and his mother's testimony were grounds for a new trial.

To the contrary, in our judicial system, it is the jury that decides disputed issues of fact based on the testimony and exhibits admitted into the record.  Thus, the outcome of a case depends largely on the witnesses' credibility.  Questions regarding the credibility of a witness

and the weight to give his/her testimony are left for the jurors to resolve during their deliberations.

Moreover, the differences in the Crandles' testimony Petitioner refers to as "prior inconsistent statements" are trivial given the in-court identification testimony, which Petitioner does not suggest was other than properly admitted substantive evidence. Here, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel argued as Petitioner proposes. None of these statements, individually or collectively, undermine confidence in the outcome of the proceedings.

**Ground Four**

In Ground Four, Petitioner faults trial counsel for failing to move to dismiss his charging document on grounds that his co-defendant was charged differently and his original charge of burglary of a structure, a third degree felony, was improperly "enhanced" to burglary of a dwelling, a second degree felony. Respondent argues that Petitioner fails to show that the State was obliged to lodge identical burglary charges even if the underlying facts supported the same crime. In rejecting this claim, the trial court found as follows:

> In ground 4, Defendant alleges that trial counsel was ineffective when counsel failed to move for dismissal of the Superseded Information charging the co-defendant with Burglary of a Structure and Enhancing Defendant's charge to Burglary of a Dwelling. However, the record reflects that trial counsel objected to the Information being amended by the State. (*See* Hearing Transcript, January 26,1998, attached). Trial counsel also filed a motion for new trial specifically addressing the issue of the amendment of the Information. (*See* Hearing Transcript, February 16,1998, attached). Each of trial counsel's attempts to prevent the Information from being amended was denied by the Court. (*See* Hearing Transcript, January 26, 1998; Hearing Transcript, February 16, 1998, attached). Additionally, Defendant raised the issue of the trial court allowing amendment of the Information on direct appeal. (*See* Brief on Behalf of Appellant, attached). The Second District Court of Appeal found Defendant's argument to be without merit. (*See* Mandate and Opinion, attached). Therefore, Defendant has failed to meet the second prong of

> *Strickland* in that he has failed to prove how counsel's failure to move for a
> dismissal resulted in prejudice. If a defendant's claim of ineffective assistance
> of counsel fails to satisfy the prejudice component, it is unnecessary to rule on
> the performance component. *Johnson v. State*, 593 So. 2d 206,209 (Fla.
> 1992), *cert. denied*, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). As
> such, no relief is warranted upon this ground.

Dkt. 6, Ex. 21, Vol. I at 81.

As legal authority for his motion, Petitioner cites the Fifth, Sixth, and Fourteenth

Amendments. Petitioner fails to provide any legal argument in support of his claim that trial

counsel should have moved to dismiss the Information on the grounds that his co-defendant

was charged with burglary of a structure while he was charged with burglary of a dwelling.

To the extent that the statement that trial counsel should have realized the "gross

disparity" of "two defendants in the same crime, one charged differently from the other, where

the circumstances, elements and facts are the same" and moved for dismissal may be read

to assert an equal protection claim, this argument fails. *See United States v. Armstrong*, 517

U.S. 456, 464 (1996) (the Equal Protection Clause prohibits selective enforcement "based

upon an unjustifiable standard such as race, religion, or other arbitrary classification") (citing

*Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

It is well established that the decision to charge Petitioner and his co-defendant

differently was a tactical decision by the State over which trial counsel had no control.

*Bordenkircher v.* Hayes, 434 U.S. 357, 368 (1978) (holding that "[i]n our system, so long as

the prosecutor has probable cause to believe that the accused committed an offense defined

by statute, the decision whether or not to prosecute, and what charge to file or bring before

a grand jury, generally rests entirely in his discretion"); see *also United States v. Crespedes*,

151 F.3d 1329, 1332 (11th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999). Here, Petitioner

does not assert that the State violated his right to due process or that its decision to prosecute him on the burglary of a dwelling charge was based on an unjustifiable standard such as race, religion, or other arbitrary classification, *see Oyler v. Boles*, 368 U.S. at 456. Petitioner has failed to demonstrate that had it not been for trial counsel's alleged error there would have been a different outcome at trial.

**Ground Five**

In Ground Five, Petitioner faults trial counsel for failing to object to the prosecutor's closing remarks and seeking a curative instruction or mistrial on grounds that his comments bolstered the credibility of State witnesses. In its order denying Petitioner's request for relief, the trial court found as follows:

> In ground 5, Defendant alleges that trial counsel was ineffective when counsel failed to object, request a curative instruction, and declare a mistrial to the State's bolstering witness credibility during closing argument. In any claim based on counsel's failure to object at trial, the defendant must show that counsel "had no excuse for overlooking the objection" and that the outcome of the trial "likely" would have been different had an objection been made. *Rhue v. State*, 603 So. 2d 613 (Fla. 2d DCA 1991). Since Defendant fails to show how counsel had no excuse for overlooking the objection, or how the outcome of the trial "likely" would have been different had the objection been made, no relief is warranted on this ground.

Dkt. 6, Ex. 21, Vol. I at 82.

Here, again, Petitioner fails to identify the subject remarks with particularity in his §2254 petition. While the transcript of the opening arguments was not requested on appeal, trial counsel acknowledged during closing argument that during his opening statement he informed the jury that his client was the victim of a misidentification: "Talking about motives, motives to lie, I told you at the very beginning we're not saying that Cameron Crandle or his

mother is lying, they're mistaken."  In his rule 3.850 motion, Petitioner complained about the following comments by the prosecutor:

> One important thing I want to talk to you about is credibility of witnesses.  Let's talk about why Cameron would come in here and say something other than the truth.  The defense says, "Well, he'd have to be mistaken.  He was mistaken.  That's what happened. He wasn't telling a lie, he was mistaken."  Why would Ms. Crandle?  What possible motive would there be?
>
> Well, he's a ten-year-old – well – and his mother, who I submit to you has no motive to come in here and say anything other than the truth.  Especially about someone who may live in the neighborhood.  Is she going to say something unless she's absolutely positively sure?  No.  If she wasn't sure, Folks, she could have kept her mouth shut and never said a word.  She could of had her little boy say, "Umm-uh, we didn't see anything."  Why?  Because she saw a neighbor's house burglarized.
>
> Don't be afraid to believe Cameron and his mother because they're not sworn law enforcement officers or because Cameron is only ten years old.  They testified under oath and told you what they saw, and the State would ask you to believe them.

Dkt. 6, Ex. 21, Vol. II at R. 53 (citations omitted).

Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002); *Williams v. Taylor*, 529 U.S. 362, 409 (2000).  Petitioner has not shown either that there was an erroneous application of *Strickland* or that the state court's application of the *Strickland* standard was objectively unreasonable.

An objection and curative instruction may have done more damage than good by focusing the jury on the question the prosecutor raised.  *Cf. Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003) (per curiam) (noting, in context of alleged ineffectiveness for failing to make certain arguments in closing, that "deference to counsel's tactical decisions in his closing

presentation is particularly important because of the broad range of legitimate defense strategy at that stage," and "[j]udicial review of a defense attorney's summation is therefore highly deferential--and doubly deferential when it is conducted through the lens of federal habeas."); *United States v. Wilson*, 149 F.3d 1298, 1301, n.5 (11th Cir. 1998) ("mindful of a defense counsel's dilemma" that "[o]bjections may also serve to draw unwanted and unnecessary attention" to prosecutor's improper comments). Petitioner fails to demonstrate that trial counsel's performance was objectively unreasonable under prevailing professional norms.

**Ground Six**

Petitioner urges this Court to review the cumulative effect of his ineffective assistance of counsel claims. To establish cumulative error, each alleged incident must constitute error in itself, though not necessarily so great as to warrant reversal. *See United States v. Preciado-Cordobas*, 981 F.2d 1206, 1215 n. 8 (11th Cir.1993). *See also  See United States v. Murray*, 154 Fed.Appx. 720 (4th Cir. 2005). In this case, standing alone, none of the alleged errors warrants any relief, and even when taken together, there is no semblance of an argument that the trial court's adjudication of these claims was contrary to or constituted an unreasonable application of any clearly established Supreme Court precedent. Having concluded that each of Petitioner's individual charges against his trial counsel fail scrutiny under *Strickland*, the Court concludes that the totality of the alleged deficiencies do not establish ineffectiveness of counsel.  *See, e.g., Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003) (Because "the sum of various zeroes remains zero," the claimed prejudicial effect of the trial attorneys' cumulative errors did not warrant habeas relief).

Arguments inadequate individually are no more adequate collectively. Moreover, the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief.

**Ground Seven**

In Ground Seven, Petitioner contends his trial counsel misinformed him as to the strengths of the State's case and advised him to reject two plea offers, asserting that trial counsel's alleged misadvice subjected him a greater sentence than he expected if convicted. Petitioner claims that had he known of the strength of the State's case, he would have "gladly" taken the 100-month plea offer first tendered. In rejecting this claim, the trial court found as follows:

> In ground 7, Defendant alleges that trial counsel was ineffective when counsel misinformed Defendant of the strength of Defendant's case and advised Defendant to reject the State's plea offer. Specifically, Defendant contends that trial counsel was ineffective for failing to relate the plea offer to him for consideration. However, the record demonstrates that Defendant was informed of the State's plea offer prior to trial. Defendant's trial counsel set forth the terms of the plea offer during the hearing on January 26, 1998. (*See* Hearing Transcript, January 26, 1998, attached). Additionally, Defendant's counsel indicated that Defendant had rejected the offer from the State. (*See* Hearing Transcript, January 26,1998, attached). Therefore, Defendant has failed to meet the first prong of *Strickland* in that he has failed to prove counsel's failure to inform him of the plea offer. If a defendant's claim of ineffective assistance of counsel fails to satisfy the performance component, it is unnecessary to rule on the prejudice component. *Johnson v. State*, 593 So. 2d 206, 209 (Fla. 1992Vcert. denied. 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). As such, no relief is warranted upon this ground.

Dkt. 6, Ex. 21, Vol. I at 82-83. The record supports the trial court's finding.

A criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement. trial. *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948); *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984); *Colson v. Smith*, 438

F.2d 1075, 1078 (5th Cir. 1971), *cert. denied*, 505 U.S. 1223 (1992); *Huckelbury v. State*, 337 So.2d 400, 401 (Fla. 2d DCA 1976). An attorney's failure to inform a defendant of a plea offer can constitute ineffective assistance. *See, e.g., Turner v. Tennessee*, 858 F.2d 1201 (6th Cir. 1988) (habeas corpus petitioner was denied effective assistance of counsel when his trial counsel advised him against accepting plea offer), *vacated on other grounds*, 492 U.S. 902 (1989).  However, there is no requirement that the defendant have counsel who recommends that a plea bargain be pursued.  *Brown v. Doe*, 2 F.3d 1236, 1246 (2nd Cir. 1993).  To the contrary, all that is constitutionally required is that trial counsel render legal advice that is objectively reasonable under prevailing norms.  *Strickland*, 466 U.S. 689.

The transcript confirms that trial counsel conveyed the State's plea offer to him:

Trial Counsel:   Just for the record, Judge, the plea offer in this case was 120 months.  Mr. Medina has been noticed as a habitual felony offender.  I've explained to him several times that he's looking at a potential 30 years in Florida State Prison if he were found guilty of the burglary of a dwelling.  He's rejected that offer.  And once again, the offer from the State attorney was 120 months in Florida State Prison.

Prosecutor:   Actually, it's almost 40 because the 30 on the new charge could go consecutive or vice-versa on the VOPs for which he has a 100 months suspended sentence.

Dkt. 6, Ex. 21 at R. 280. While he contends that trial counsel misled him regarding the strength of the State's case, the transcript confirms that he was informed that if convicted, he faced a harsher sentence than offered, and he does not deny being aware that the State was prepared to present eyewitness identification testimony implicating him. His allegations do not overcome the strong presumption that trial counsel's advice regarding whether to accept any plea offers was reasonable under prevailing professional norms. *See, e.g., Diaz v. United States*, 930 F.2d 832, 834-835 (11th Cir. 1991) (given defendant's awareness of

plea offer, his after-the-fact testimony concerning his desire to plead, without more, was insufficient to establish that but for counsel's alleged advice or inaction, defendant would have accepted the plea offer).

Here, Petitioner has not allege the existence of objective evidence that would show there was a reasonable probability that, but for trial counsel's advice, he would have accepted any plea offer extended him. *See id.* at 835. The Court concludes from the record that Petitioner has not established a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement.

**Ground Eight**

In Ground Eight, Petitioner faults trial counsel for not investigating and presenting a defense of voluntary intoxication. Under then-applicable state law,[4] voluntary intoxication was an affirmative defense that required the defendant to come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged. *Dufour v. State*, 905 So.2d 42 (Fla. 2005); *Linehan v. State*, 476 So. 2d 1262, 1264 (Fla. 1985).

An evidentiary hearing was held on Ground Eight in Petitioner's Rule 3.850 proceedings on July 15, 2002. The trial court rejected this claim, finding as follows:

> In Ground Eight of his Motion, Defendant claims ineffective of counsel for failure to investigate and present the defense of involuntary intoxication. Defendant faults counsel for recommending a misidentification defense over involuntary intoxication.
>
> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial

---

[4]The Florida legislature abolished the voluntary intoxication defense as of October 1, 1999. See § 775.051, Fla. Stat. (1999) .

process that the trial cannot be relied upon as having produced a just result. *See Strickland v. Washington*, 466 U.S. 668 (1984). . . .

In the present case, defense counsel credibly testified that Defendant consistently maintained his innocence throughout the course of counsel's service, claiming that he did not commit the crime. (*See* Transcript, pages 1-15, attached). Arguing an voluntary intoxication defense necessarily would have required conceding that Defendant committed the offense, but was unable to form the requisite intent due to his inebriation. As defense counsel explained, presenting such a defense would have been unwarranted because it contradicted Defendant's version of the facts and his intended defense of actual innocence. (*See* Transcript, attached).

Concerning the responsibility to investigate facts or defenses, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *See Squire v. State*, 558 So.2d 401, 403 (Fla. 1990) citing *Strickland*, 466 U.S. 668 (1984). When counsel has reason to believe that pursuing certain investigations would be fruitless, counsel's failure to pursue those investigations may not later be challenged as unreasonable. *See id.* Likewise, strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct. *See Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). Here, counsel pursued a misidentification defense after considering and rejecting an involuntary intoxication defense for the reasons previously discussed. Given *Strickland's* previously discussed dictate that trial counsel is strongly presumed to have rendered adequate assistance and made reasonable professional judgments, the Court concludes that Defendant has failed to establish the first prong of the *Strickland* [test] by showing that counsel's performance fell outside the broad range of reasonably effective assistance. Therefore, Ground Eight from Defendant's January 25, 2001 Addendum is denied.

Dkt. 6, Ex. 21, Vol. II at R. 336-37.

The record supports the trial court's findings. Having had the benefit of hearing testimony from trial counsel, Petitioner, his mother and his brother, and an opportunity to observe their demeanor on the witness stand, the trial court found trial counsel's testimony regarding his decision to forgo pursuing a voluntary intoxication defense credible, concluding that trial counsel's decision was not objectively unreasonable under prevailing professional norms. *Strickland*, 466 U.S. 689. *See Evans v. State*, 946 So.2d 1, 11 (Fla. 2006)

(concluding counsel could not be deemed ineffective for failing to pursue voluntary intoxication defense as such defense would have been inconsistent with defendant's theory he did not commit the crime); *State v. Williams*, 797 So.2d 1235, 1239 (Fla. 2001) (same). Determinations of witness credibility are best made by the trial court judge, who can assess the demeanor and candor of the witnesses. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Baldwin v. Johnson*, 152 F.3d 1304, 1317 (11th Cir. 1998) (citing *Smith v. Kemp*, 715 F.2d 1459, 1465 (11th Cir.) ("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), *cert. denied*, 464 U.S. 1003 (1983)); *Porter v. State*, 788 So.2d 917, 923 (Fla. 2001) (recognizing the trial court's "superior vantage point in assessing the credibility of witnesses and in making findings of fact"). Petitioner has not demonstrated that the trial court's adjudication of this claim was objectively unreasonable.

**Ground Nine**

in Ground Nine, Petitioner contends trial counsel rendered ineffective assistance by not advising Petitioner "that [he] possessed predicate felony convictions. And that these convictions would be used to enhance [his] sentence" (Dkt. 1 at 17). As discussed in Ground Seven, the transcript rebuts this claim. Petitioner was present when trial counsel and the prosecutor informed the trial court of the terms of the State's plea offer and the potential sentence that could be imposed if Petitioner were convicted at trial. Trial counsel advised the trial court that he had discussed the sentencing consequences of a guilty verdict with

Petitioner, and Petitioner failed to object to this statement.  Errors invited by a defendant are not a basis for relief from a criminal conviction.[5]

## Ground Ten

Finally, in Ground Ten, Petitioner challenges his habitual felony offender sentence, contending that other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. In summarily denying this ground, the trial court found as follows:

> In ground 10, Defendant alleges that a U.S. Supreme Court case holds that Defendant's enhanced habitual felony offender status must be vacated as a violation of the Fifth, Sixth and Fourteenth Amendments. Specifically, Defendant alleges that his habitual felony offender sentence is illegal because the jury did not find, beyond a reasonable doubt, that the Defendant was an habitual felony offender. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435 (2000). However, *Apprendi* expressly acknowledged that recidivism is a traditional basis for increasing a sentence and is a fact which does not relate to the commission of the offense before the court. *Wright v. State*, 2001 Fla. L. Weekly D433 (Fla. 5th DCA 2001). Nothing in *Apprendi* overrules the Florida Supreme Court's holding in *Eutsey v. State*, 383 So. 2d 219 (Fla. 1980) that the determination that a defendant could be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense. Id, Accordingly, no relief is warranted on this ground.

Dkt. 6, Ex. 21, Vol. I at 84-85.

---

[5]Under Florida law, "[a] party may not invite error and then be heard to complain of that error on appeal." *Cox v. State*,  819 So.2d 705, 715 (Fla. 2002) (quoting *Pope v. State*, 441 So.2d 1073, 1076 (Fla. 1983)). The invited error doctrine is also applied in federal courts. *See United States v. Harris*, 443 F.3d 822, 823-24 (11th Cir. 2006) ("The doctrine of invited error is implicated when a party induces or invites the district court into making an error," and where a party invites error, the court is precluded from reviewing that error (quotations and citations omitted)).

Petitioner's conviction became final on January 20, 2000, when the window for filing an application for petition of certiorari under Sup. Court. R. 13.1[6] expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). The decision in *Apprendi* was entered on June 26, 2000. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner's claim is foreclosed by the holding in *Blakely v. Washington*, 542 U.S. 296, 323-24 (2004), that *Apprendi* and its progeny do not apply retroactively on collateral review to convictions that became final before it was decided.

### Application of the Standard of Review

The standard for ineffective assistance of counsel, as enunciated in *Strickland v. Washington* is "clearly established" Supreme Court law. *Williams v. Taylor*, 529 U.S. at 390-91. After a review of the State's response to Petitioner's Rule 3.850 motion and holding an evidentiary hearing on Ground Eight of the motion, the trial court denied Petitioner's motion. In so doing, the trial court correctly identified and applied the *Strickland* standard. Petitioner has not demonstrated that the trial court's adjudication of his ineffective assistance of counsel claims resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254.

---

[6]"Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13.1.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.   The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.   The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh